**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHARLES DANA FARLEY,

    Defendant-Appellant.

No. 06-8076
(D.C. No. 05-CR-167-1-ABJ)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Charles Dana Farley, a Wyoming state prisoner, challenges the district court's judgment and, more specifically, its refusal to allow him to withdraw his guilty plea. Mr. Farley argues that he should be allowed to withdraw his plea because his counsel was ineffective and he was coerced into pleading guilty. Our jurisdiction arises under 28 U.S.C. § 1291.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Farley's appellate counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Farley subsequently filed a *pro se* response.[1] The government declined to file a brief. For the reasons set forth below, we discern no meritorious issues for appeal. We, therefore, grant the attorney's motion to withdraw and affirm the district court's judgment.

## BACKGROUND

Charles Farley was indicted for intending to convey false or misleading information in violation of 18 U.S.C. § 1038(a)(1)(A). Mr. Farley entered a not guilty plea at his arraignment. A jury trial was held for four days. The jury deliberated for two days but could not reach a verdict. The district court declared a mistrial. A second jury trial commenced. Before Mr. Farley's last witness testified, Mr. Farley decided to change his plea to guilty.

The district court determined that the applicable Guidelines sentencing range was 63 to 78 months. Mr. Farley was sentenced to a term of 48 months of imprisonment, based upon a variance under 18 U.S.C. § 3553 for Mr. Farley's diminished capacity. Mr. Farley then sought to withdraw his guilty plea.

Mr. Farley's trial counsel motioned to withdraw and was allowed to do so. Substitute counsel was provided, through which Mr. Farley filed a second motion

---

[1] As a *pro se* filing, we give solicitous consideration to Mr. Farley's response. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

to withdraw his guilty plea, seeking to reset the matter for a new jury trial. The district court denied both of Mr. Farley's motions to withdraw his plea.

## DISCUSSION

Mr. Farley appeals from the district court's judgment and claims to have had ineffective assistance by both trial and appellate counsel. Mr. Farley's appellate counsel files his brief pursuant to *Anders* and seeks to withdraw from this case. *Anders* instructs that:

> if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

*Id.* at 744.

In his *Anders* brief, counsel for Mr. Farley represents that appeal in this case conceivably would be meritorious only if (1) the guilty plea was not voluntary, or (2) Mr. Farley received ineffective assistance of counsel. Counsel stated, however, that he could find no basis in law or fact for these arguments on direct appeal. Additionally, we understand Mr. Farley's *pro se* response to principally reiterate the first issue by arguing that his guilty plea was coerced. After conducting a full examination of the record, we agree with counsel that there is no basis in law or fact for any of these arguments.

## A. Voluntariness of Guilty Plea

Mr. Farley contends that he was coerced into changing his plea to guilty

and should, therefore, be permitted to withdraw his plea. Whether there has been compliance with Rule 11 of the Federal Rules of Criminal Procedure regarding the acceptance of a defendant's plea and whether the plea was knowing, intelligent, and voluntary, is a question of law which is reviewed *de novo*. *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998).

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *Id.*; *see also* Fed. R. Crim. P. 11(b)(2). Rule 11(d) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea but before it imposes sentence, if: (a) the court rejects the plea agreement under Rule 11(c)(5); or (b) the defendant can show a fair and just reason for requesting the withdrawal. Furthermore, Rule 11(e) states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty . . ., and the plea may be set aside only on direct appeal or collateral attack." We review the record and find no evidence for Mr. Farley's assertions that his plea was coerced.

After sentencing, Mr. Farley filed a *pro se* motion requesting to withdraw his guilty plea. A hearing was held on this motion, and the district court denied the motion because of untimeliness and the lack of evidence of coercion. We agree with the district court that Mr. Farley's responses during the change of plea hearing indicate that his plea satisfied the requirements of Rule 11.

The district court asked Mr. Farley if he knew the nature of the charge against him, and he responded that it was "sending a . . . substance through the mail and tying up emergency vehicles and stuff." R., Vol. XII, Tr. at 6 (Change of Plea Hearing, dated Jun. 7, 2006). The district court asked Mr. Farley's attorney if there was any reason he could not proceed, and she stated, "No, Your Honor. We've thoroughly discussed the issues, and he's related them back to me. I believe he completely understands what's happening and that he is doing this of his own volition." *Id.* at 8.

The district court further addressed Mr. Farley:

> Mr. Farley, everything that I can see in this case indicates to me that you are competent to proceed in this matter. I've observed you throughout the course of the trial interacting with your counsel, and it appears to have been appropriate throughout. You have participated in the jury selection in this case, and your counsel has diligently communicated with you throughout the trial. Is that [true and accurate?]

*Id.* Mr. Farley responded, "[S]he has. She's been a very good attorney." *Id.* The district court asked Mr. Farley if he knew that he was entering into a "cold plea" arrangement without the benefit of a plea agreement, to which Mr. Farley responded, "Yes." *Id.* at 8-9. The district court informed Mr. Farley that the court would impose his sentence. Furthermore, the district court advised Mr. Farley that the court would not allow him to take back his voluntary plea simply because he was unhappy with his sentence. Mr. Farley indicated that he understood this advisement. *Id.* at 9.

-5-

The district court asked Mr. Farley, "Will your plea of guilty in this matter be made voluntarily and of your own free will?" *Id.* Mr. Farley responded, "Yes, it is." *Id.* The district court asked Mr. Farley if he had been promised anything to cause him to plead guilty, and he answered, "No." *Id.* The district court inquired whether anyone had threatened him with violence or made any threats to cause him to plead guilty, and Mr. Farley responded, "No." *Id.* at 10.

The district court asked Mr. Farley if he pleaded guilty because he was in fact guilty of the charge, and Mr. Farley answered affirmatively. *Id.* The district court further examined Mr. Farley's understanding of the charge against him and his reasoning for pleading guilty. Mr. Farley indicated that he understood the nature of the charge against him and formally pleaded guilty. *Id.* at 26. Moreover, Mr. Farley provided a factual basis for his guilty plea:

> I found out that I got rejected from the fire department, I was upset, and I wrote [the fire department chief] a letter. And this envelope that I found in the house did have some powdery substance in it. And I put the letter in that envelope and sealed and put my return address on that envelope and mailed it to the fire chief saying that I was upset and – over not getting the job and that I would like to possibly take legal action . . . for discrimination. . . . I just intended to kind of scare him a little bit.

*Id.* at 26-27. Mr. Farley indicated to the district court that he regretted acting the way he did. *Id.* at 27. The district court specifically asked, and Mr. Farley agreed, that a reasonable person could have believed that the powder contained in the letter was either a biological weapon or a chemical weapon. *Id.* at 29. In

summary, the district court noted for the record that it believed Mr. Farley was competent, that he voluntarily entered into his plea with knowledge of direct consequences, and that he provided a factual basis for the plea. *Id.* at 29-30.

Mr. Farley contends that he told his trial counsel after the change of plea hearing and before sentencing that his plea was coerced. He further indicates that his counsel did not believe his claims. According to Mr. Farley, it was at this point that his relationship with his lawyer became discordant. Mr. Farley's trial counsel motioned to withdraw and was allowed to do so.

Nearly one month after his sentencing hearing, Mr. Farley filed his *pro se* motion to withdraw the guilty plea. His substitute counsel then filed an entry of appearance and also filed a motion to allow Mr. Farley to withdraw his plea. Mr. Farley alleged, among other things, that his guilty plea was the result of threats and coercion. Mr. Farley alleged that certain guards who transported him from his detention holding facility to his trial told him that he needed to change his plea to guilty because they were tired of transporting him back and forth from jail to trial, particularly because of his personal health issues. Mr. Farley alleged that he feared for his life due to the specter of possible retaliation from the guards and only requested the change of plea because of that fear.

Mr. Farley's argument is without merit. At no time during the change of plea hearing did Mr. Farley ever mention any threats, fear, or coercion. Mr. Farley had multiple opportunities at the hearing to bring the alleged threats and

coercion to the attention of the district court. Mr. Farley, instead, indicated that he acted on his own volition and even provided a factual basis for his guilty plea.

## B. Ineffective Assistance of Counsel

Mr. Farley argues that he has had ineffective assistance of counsel, particularly because both his trial and appellate counsel sought to withdraw. More specifically, Mr. Farley asserts that trial counsel ineffectively represented him by not permitting him to withdraw his guilty plea. With respect to this issue, we note only that even if Mr. Farley has a valid claim on these grounds, it is properly pursued in collateral proceedings rather than on direct appeal because the record is not properly developed here to permit review. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006) ("The vast majority of ineffective assistance of counsel claims should be brought in collateral proceedings rather than on direct appeal from a conviction."); *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."). Thus, we dismiss Mr. Farley's ineffective assistance claim.

## CONCLUSION

For the foregoing reasons, we grant counsel's motion to withdraw and

**AFFIRM** the district court's judgment.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge